## Case No. 13,554.

### STUART v. COLUMBIAN INS. CO.

[2 Cranch, C. C. 442.] [1]

Circuit Court, District of Columbia. Nov. Term, 1823.

MARINE INSURANCE—TIME POLICY—DESTINATION —INSURABLE INTEREST—PLEADING—DEMURRER —PRACTICE—INSTRUCTION TO JURY.

1. If a policy of insurance be made for six months on a vessel, stated in the policy to be then "bound on a voyage from Georgetown to Madeira, and a market between Cape Finistèrre and Naples, with liberty, after the expiration of six months, to freight or trade for six months more on a premium of five and a half per cent.

2. The risk for the second six months is upon time only, and the vessel having performed the voyage described in the policy in the first six months, had a right to go to Brazil.

3. If evidence be given on both sides, and be complicated, the court will not compel the plaintiff to join in demurrer to the evidence, nor will they undertake to say what facts the party offering to demur, ought to admit as inferences from the evidence.

4. Nor will they compel the other party to join in demurrer, upon his offering to admit all the inferences which the court should say the jury could reasonably infer from the evidence.

5. The court will not instruct the jury upon a part of the evidence only.

6. The owner of a vessel, who has contracted to sell her for a certain sum, and to make a title to the vendee upon payment of the price, has an insurable interest to the full extent of the value of the vessel, and not merely to the extent of the price for which he has contracted to sell her.

This was a policy of insurance upon the schooner Eleanor H. Semmes, Alexander Semmes, master, for six months from the 17th of May, 1821, "now bound on a voyage from Georgetown to Madeira, and a market between Cape Finistèrre and Naples, with liberty, after the expiration of six months, to freight or trade for six months more on a premium of five and a half per cent. on payment being made therefor." The first six months expired, and the policy was renewed agreeably to the terms provided. The plaintiff [Levin Stuart], who was the builder and owner, had given Captain Semmes a bond conditioned to give him a title to the vessel upon payment of $1260.

Jones & Hewitt, for plaintiff, claimed for a total loss upon the policy for the second six months.

Mr. Taylor, for defendants, contended: 1st, that the policy was upon the voyage, as well as upon time, and that the loss was not in the course of the voyage described; 2d, that the vessel was not seaworthy, not having sufficient crew, stores, and water; and, 3d, that the plaintiff had no interest in the vessel.

After the reading of a number of depositions on the part of the plaintiff, and one on the part of the defendant, and examination of several witnesses on the part of the plaintiff

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

respecting the competency of the master and crew, boats, water, &c., and the circumstances of the loss, Swann & Taylor, for the defendants, offered to demur.

Jones & Hewitt, for plaintiff, objected that there was parol evidence on both sides; that the inferences to be drawn were to be drawn from complex and perhaps contradictory testimony; and that they required the defendants to admit that the loss happened on the voyage insured, and by a peril insured against, without fraud, and that the vessel was seaworthy.

THE COURT (THRUSTON, Circuit Judge, absent) said, that as there was contradictory evidence, and the inferences were to be drawn from such complicated parol evidence, they would not compel the plaintiff to join in the demurrer.

The defendants' counsel then offered to admit all the inferences which the court should say the jury could reasonably draw from the testimony and evidence offered by the plaintiff. But the court, for the reasons aforesaid, still refused to compel the plaintiff to join in the demurrer.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the policy, for the second six months, was on time only, and that, as the vessel actually performed the voyage described in the policy, she had a right, afterwards, to go to Brazil, &c., and that the loss was within the policy.

THE COURT also refused to instruct the jury that it was not competent for them to infer, from the evidence, that the vessel was seaworthy, and refused to give any instruction on the question whether the register alone was primâ facie evidence of the plaintiff's interest in the vessel, because there was evidence that he built her and retained the legal title in himself as security for the unpaid purchase-money; and refused to instruct them that it was not competent for them to infer, from the evidence, that the plaintiff had an insurable interest in the vessel, but instructed them that the plaintiff must show some insurable interest.

The defendants then prayed the court, that if, from the evidence aforesaid, the jury should be of opinion that the vessel was of the value stated in the policy, and that the plaintiff's interest was not more than $1260, and that the said Alexander Semmes had an equitable interest in the said vessel in the residue of her said agreed value, the plaintiff could not recover more than the said sum of $1260.

Which instruction THE COURT (nem. con.) refused to give, but instructed the jury that the interest of the plaintiff, under the contract between him and the said Semmes, as set out in the condition of the bond given in evidence, entitled him to insure the entire interest and value of the said vessel.

The defendants took four bills of exceptions. Verdict and judgment for plaintiff, $3780. No writ of error was prosecuted.